I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, T~~O ALL COUNSEL~~ Plaintiff ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3.20.12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 20 2012

CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER "LILBURNE" COLLINS,<br><br>                Plaintiff,<br><br>        vs.<br><br>ROGER BARBER et al.,<br><br>                Defendants. | Case No. CV 10-9614-JFW (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint ("TAC"), all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge with respect to Defendants' motions to dismiss. On February 28, 2012, Plaintiff filed objections to the Report and Recommendation, which he styled as "Motion in Opposition Per 22 U.S.C.A. § 636(b)(1)(c)." Most of Plaintiff's objections are the same as those he raised in opposition to the Defendants' motions to dismiss; to the extent they are not, the Court addresses them below. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Court hereby dismisses the TAC and this action with prejudice for the reasons stated in the Report and

Recommendation.

In his "Motion in Opposition," which like Plaintiff's earlier pleadings is at times difficult to understand, Plaintiff appears to complain that contrary to the Magistrate Judge's finding, he <u>did</u> preserve and raise Equal Protection claims against the Defendants in the TAC. (Opp'n at 2.) Perhaps the Magistrate Judge thought those claims had been abandoned because, as with all three prior complaints, nowhere in the TAC does Plaintiff allege that he was intentionally treated differently from others similarly situated and that there was no rational basis for the different treatment. See <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000). Plaintiff's admissions in the TAC that he had "on occasion" urinated in public at the park and created other disturbances provides the rational basis for any different treatment he received. See <u>Weisbuch v. Cnty. of L.A.</u>, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("[A] plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his [constitutional] claim.").[1] As previously explained to Plaintiff, any attempt to claim that he is a member of a suspect class - ex-felons - and therefore subject to a higher level of scrutiny also fails. See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1179 (9th Cir. 1999) (prisoners not suspect class);

---

[1] Throughout his "Opposition" Plaintiff seems to assert that by relying on the principle of law underlying <u>Weisbuch</u> and other cases, the Court is somehow raising a qualified immunity defense for Defendant Torres. Instead, the Court simply relies on facts that Plaintiff himself pleaded to find that he cannot state a claim upon which relief might be granted.

United States v. Rosales-Garay, 283 F.3d 1200, 1203 n.4 (10th Cir. 2002) (ex-felons not suspect class); United States v. Jester, 139 F.3d 1168, 1171 (7th Cir. 1998) (same). Accordingly, any alleged violations of the Equal Protection Clause fail to state a claim upon which relief might be granted.

Plaintiff alleges that the TAC raised § 1985 and 1986 claims that the Report and Recommendation did not even address. (Opp'n at 2.) In fact, the Report and Recommendation notes that to the extent Plaintiff continued to make allegations that the Court had already dismissed without leave to amend, the Report would not discuss them. (Report at 5.) The Court's Order of September 12, 2011, specifically dismissed without leave to amend "the section 1985(2) and 1985(3) claims" and "the section 1986 claim" (Order at 33-34) on the ground that the underlying theories behind the claims were fatally flawed (id. at 31-32). As Plaintiff admits, he has not pleaded any new facts in the TAC, and his legal theories have not changed either. Accordingly, Plaintiff was barred from raising any such claims in the TAC, no matter who the defendant.

IT THEREFORE IS ORDERED that the TAC is dismissed for the reasons stated in the Report and Recommendation and this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 19, 2012

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE